IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 14-cv-00977-RBJ

LORI RAPPUCCI,

    Plaintiff,

v.

HIGH SIERRA ENERGY, LP, a Delaware Partnership, and
NGL ENERGY PARTNERS, LP, a Delaware Partnership,

    Defendants.

## ORDER

The plaintiff in this employment discrimination case seeks to amend her complaint to allege one additional claim and several additional facts supporting existing claims. Having already amended her complaint once and failed to secure defendants' consent, Ms. Rappucci must seek the Court's leave to file another amended complaint. For the reasons explained below, Plaintiff's Motion to Amend [ECF No. 27] is granted in part and denied in part.

### I. BACKGROUND

Plaintiff, a former employee of defendants, filed this suit in April of 2014. ECF No. 1. She later filed an amended complaint on June 9, 2014, alleging claims for sex discrimination, retaliation, age discrimination, unjust enrichment, breach of contract, promissory estoppel, and fraudulent concealment, all based on her prior employment as a vice president and controller for defendants. ECF No. 12. Much of her case centers on defendants' alleged failure to award her annual unit grants as part of her compensation package, which Plaintiff believes she was

1

promised upon beginning her employment with defendants, and her eventual termination. *See* ECF No. 12 at ¶¶18, 23, 30.

At the scheduling conference held on July 21, 2014, defense counsel disclosed for the first time a signed written offer letter that, they asserted, was Ms. Rappucci's employment contract. On July 29, 2014, the Court granted Plaintiff leave to file a second amended complaint in light of "this newly disclosed, seemingly relevant information" and "strongly encouraged" her to do so. ECF No. 24. Plaintiff declined to file an amended complaint within the two weeks allowed by the Court but then filed the present motion to amend on September 22, 2014. ECF No. 27. In the proposed amended complaint, the plaintiff again makes no mention of the offer letter. Instead she wishes to add (1) a claim for breach of the covenant of good faith and fair dealing and (2) several additional factual allegations that bolster her existing claims. *Id.*

## II. DISCUSSION

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal citations and quotations omitted). However, as defendants argue, futility and undue delay both may be a basis for denying leave to amend. *Id.* The Court will address each in turn.

### A. Futility.

"A district court may refuse to allow amendment if it would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations and quotations omitted). Thus

the futility analysis mirrors that for a motion to dismiss.

In reviewing a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in the plaintiff's favor. However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Allegations that are purely conclusory are not entitled to an assumption of truth. *Id.* at 681. However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard. *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). For the following reasons, the Court finds that, in light of Plaintiff's other allegations or lack thereof, her amendment adding a breach of the covenant of good faith and fair dealing claim would be subject to dismissal and is therefore futile.

Under Colorado law, every contract contains an implied covenant of good faith and fair dealing. *Amoco Oil Co. v. Ervin,* 908 P.2d 493, 498 (Colo. 1995). This duty applies "when one party has discretionary authority to determine certain terms of the contract, such as quantity, price, or time." *Id.* To rely on the covenant, there must be "a specific contract term allows for discretion on the part of [that] party." *Id.* The party with discretionary authority must exercise it in a manner consistent with the reasonable expectations of the other party. *Id.* Thus, exercise of discretion in a manner that prevents the other party from realizing her reasonable expectations would constitute a breach of the contract. The key, however, is that before there can be breach of the covenant, there must be a contract that authorizes the exercise of discretion.

A breach occurs if the party with discretionary authority exercises it in a manner that

prevents the other party from realizing its reasonable expectations.  In short, a party may not exercise its discretion in a manner that deprives the other party of her justified expectations.

Here, if the "offer letter" of April 27, 2009 [ECF No. 22-1 at 4-5] were viewed as a contract that granted High Sierra Energy LP ("High Sierra") discretion to award equity grants to Ms. Rappucci, as its terms suggest, then an exercise of the discretion in a manner inconsistent with Ms. Rappucci's reasonable expectations would constitute a breach of the implied covenant and, therefore, a breach of the contract.  The problem is that plaintiff, for whatever reason, still has not alleged the existence of such a contract.  Rather, plaintiff has continued to choose to allege only an oral statement from High Sierra related to unit grants.  In the only part of the complaint relevant here, Plaintiff alleges that "[d]uring its recruitment of Ms. Rappucci, High Sierra told her that she would participate in annual unit grants, and she understood this promise was a firm offer that was part of the compensation she was to receive." ECF No. 12 at ¶ 8.

This allegation is insufficient to plausibly support a finding of a contract as a matter of law, much less a contract that authorizes High Energy to exercise discretion.[1]  Generally, "specific oral statements made during the recruitment or orientation process do not create a contractual obligation." *Allen v. Dayco Products, Inc.*, 758 F. Supp. 630, 632 (D. Colo. 1990). Indeed, "[i]n order to establish the existence of a contract, the evidence must show that the parties agreed upon all essential terms. The parties' agreement is evidenced by their manifestations of mutual assent." *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986) (citing Restatement (Second) of Contracts § 17(1) (1981) ("[t]he formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange") (internal citations omitted).  The plaintiff here has not alleged any manifestation of mutual assent

---

[1] Although the parties did not address this point in their filings on this motion, both addressed it in their filings on the motion to dismiss.  *See* ECF Nos. 16 and 17.

to particular contract terms.  The fact that High Sierra at one point during the recruitment process said that the plaintiff would be able to participate in the grants does not mean that Ms. Rappucci's participation was an agreed-upon term in any final employment contract.  A company may tell a potential employee any number of things during its recruitment process; this does not allow the employee to later point to the fact that she reported to work as evidence that all of the employer's recruiting representations are binding contract terms.  Furthermore, as alleged, Ms. Rappucci's belief that she would participate in the grants is nothing more than her own subjective belief.  *See* ECF No. 12 at ¶ 8.  It is not a manifestation of her assent to this particular term.  *See id.*  For these reasons, Plaintiff's allegations do not amount to mutual assent to an exchange and the Court cannot find that they plausibly support the existence of a contract.[2]

Briefly, the cases Plaintiff cites in her Response to Defendants' Motion to Dismiss [ECF No. 17] on this point are not helpful.  In *Snoey*, the Plaintiff "allege[d] in his complaint that he accepted his employment on the terms of the [January 27] offer letter." *Snoey v. Advanced Forming Tech., Inc.*, 844 F. Supp. 1394, 1401 (D. Colo. 1994).  This is precisely what the plaintiff has failed to allege here.  Ms. Rappucci states only that High Sierra told her during recruitment that she would participate in unit grants, and that she began her employment with that understanding.  ECF No. 12 at ¶ 8.  However, an employment contract is formed only when the parties manifest mutual assent to final agreed-upon terms.  *I.M.A., Inc*, 713 P.2d at 888.

---

[2] It is unclear exactly what Plaintiff means by "she understood this promise was a firm offer that was part of the compensation she was to receive." ECF No. 12 at ¶ 8.  The legal term "firm offer" comes from the Uniform Commercial Code and refers to a particular type of offer by a merchant to buy or sell goods.  Colo. Rev. Stat. Ann. § 4-2-205.  It clearly lacks any relation to the employment context.  To the extent Plaintiff intends to allege a unilateral contract that she accepted by reporting to work, she has failed to do so.  To form a unilateral contract in the employment context, "the employer must manifest its willingness to enter into a bargain in such a way as to justify the employee in understanding that assent was invited by the employer and that the employee's assent would conclude the bargain." *Watson v. Pub. Serv. Co. of Colorado*, 207 P.3d at 868 (emphasis in original).  Plaintiff has alleged nothing suggesting that High Sierra understood that her beginning to work for the company would constitute acceptance of this particular offer related to the unit grants.  Without such an allegation, the complaint cannot be read to state a plausible claim premised on a unilateral contract.

Additionally, Plaintiff cites *Dorman* for the proposition that ambiguity in an offer does not mandate the dismissal of a contract claim but rather calls for extrinsic evidence to resolve the ambiguity. ECF No. 17 at 15. Again in that case, the parties had a written contract. *See Dorman v. Petrol Aspen, Inc.,* 914 P.2d 909, 911 (Colo. 1996). Here, Plaintiff has failed adequately to allege a contract at all.

The Court must base its rulings on what the plaintiff has alleged, not what she could have alleged but did not. Because Plaintiff has not alleged sufficient facts to plausibly support the existence of a contract, certainly not a contract with a specific term providing for discretion on the part of defendants, her claim for the breach of the covenant of good faith and fair dealing is subject to dismissal. This amendment to the complaint is futile, and the Court denies leave to amend as to this claim.

### B. <u>Undue Delay</u>.

A court may also deny leave to amend if allowing amendments would cause undue delay. *Minter*, 451 F.3d at 1204. In assessing whether delay is undue, the Tenth Circuit "focuses primarily on the reasons for the delay. . . . [D]enial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay." *Id.* at 1206 (internal citations and quotations omitted). Indeed, "Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Id.* at 1206 (internal citations and quotations omitted).

While the present case is a close call, the Court is not convinced that allowing Plaintiff to add additional factual allegations will cause undue delay at this stage. Although the plaintiff's

contention that the additional facts have come to light "during the course of discovery" is suspect given that nearly all of the additional facts are based on her own notes, *see* ECF No. 27 at 7, the Court nonetheless recognizes the importance of deciding each claim "on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204.  The trial in this case is scheduled for May 11, 2015, and the deadline for dispositive motions is February 23, 2015; given these deadlines, any delay caused by allowing plaintiff to amend her complaint at this time is not undue.  Plaintiff's additional factual allegations strengthen her existing claims, and the Court finds that justice requires that she be permitted to amend her complaint with these facts at this time.

## **ORDER**

The plaintiff's motion to amend [ECF No. 27] is GRANTED in part and DENIED in part.  The proposed Second Amended Complaint [ECF No. 27-1] is accepted for filing except as to the Fourth Cause of Action.

DATED this 24th day of October, 2014.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge